The Honorable Toni Bradford State Representative
8410 Wildcat Drive Pine Bluff, Arkansas 71603-9112
Dear Representative Bradford:
This is in response to your request for my opinion on whether the mayor's wife can be employed under a commission to which the mayor appoints the members.
RESPONSE
You have not indicated whether the city has adopted a nepotism policy, that is, a policy addressing relationship by affinity or consanguinity to the mayor or another city official as a basis for disqualification from public office or employment.[1] Assuming the absence of any such policy, then in my opinion the answer to your question is generally "yes." As noted in previous opinions of this office, relationship by affinity or consanguinity to the appointing power or members thereof ordinarily is not a basis for disqualification from public office or employment.[2] This is a matter to be addressed, instead, by statute.[3] The state law pertaining to cities operating under the mayor-council form of government contains no anti-nepotism provision.[4] *Page 2 
It should perhaps be noted that a state code of ethics statute applicable to public officials and state employees does prohibit the use of a position "to secure special privileges or exemption . . . that is not available to others. . . .":
 No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemptions for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he or she has a substantial financial relationship that are not available to others except as may be otherwise provided by law.[5]
As one of my predecessor's observed, "[a] violation of [A.C.A. § 21-8-304(a)] could possibly be premised upon a public official's hiring of a family member if, for instance, customary hiring procedures were not followed or if the person was not qualified."[6] But it is my opinion, consistent with previous opinions of this office, that employment generally does constitute a "special privilege or exemption" for purposes of this prohibition.[7] In other words, this statute is not the equivalent of a general nepotism prohibition. Rather, it creates a fact question as to whether a public official has "used his position" to secure "special privileges" for himself or a family member. This determination would have to be made on a case-by-case basis, with reference to all of the particular circumstances. Enforcement authority is vested in the prosecuting attorney.[8] *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM:EAW/cyh
[1] It seems clear that a city of the first class such as the City of Pine Bluff has the authority to adopt its own nepotism policy.See Op. Att'y Gen. Nos. 96-328 (and opinions cited therein).
[2] E.g., Op. Att'y Gen. 95-099 (citing 67 C.J.S. Officers 23 (1978)).
[3] Accord Op. Att'y Gen. 89-044.
[4] Compare A.C.A. § 14-47-135 (Repl. 1998), applicable to cities having the city manager form of government, which provides:
 No person shall hold an appointive position or employment in the pay of the city if that person is related by blood or marriage in the third degree either to a member of the board of directors or to the city manager. Provided, however, this prohibition shall not prevent a person who holds an appointive or employment position with the city at the time the person's relative becomes city manager or a member of the board of directors from continuing in that position or employment.
[5] A.C.A. § 21-8-304(a) (Supp. 2009).
[6] E.g., Op. Att'y Gen. No. 99-003 at n. 2 (citing Op. Att'y Gen. 89-220).
[7] E.g., Op. Att'y Gen. 96-328. See also Op. Att'y Gen. 88-194 (citing the common definition of "privilege" as "a right or immunity granted as a peculiar benefit, advantage, or favor," and concluding that employment, standing alone, is not a "special privilege or exemption" within the meaning of section 21-8-304).
[8] A.C.A. § 21-8-303 (Repl. 2004). See also
A.C.A. § 21-8-302 (Supp. 2009) (criminal penalty).